## Kintzer v. Petrone

*Edward E. Houseman,* for plaintiff.
*Jesse L. Pleet,* for defendant.

SAYLOR, *J.,* November 12, 1985—This involves the question of the "discoverability" of a personal diary.

Plaintiff Victoria Kintzer was allegedly injured on October 1, 1981, when her vehicle was rear-ended by a vehicle driven by defendant Salvatore Petrone. In addition to the usual averments of physical pain and suffering and mental anguish, plaintiff's complaint alleges that as a result of her injuries, she "has been unable to follow her usual social, recreational and family activities, and will be unable to follow such usual social, recreational and family activities for an indefinite time in the future."

Plaintiff was deposed by defendant's attorney on December 19, 1984, at which time she testified that she has, from time to time, maintained a personal diary since approximately 1975. On February 7, 1985, defendant filed a request for production of documents requesting that plaintiff produce, inter alia, a copy of her personal diary "from the date of the accident, October 1, 1983 [sic], up to and including the present time." In response, plaintiff produced copies of "diary entries" or notes pertaining to the accident that she began to record on separate sheets of paper following the accident, but refused to produce her personal diary. Defendant then requested that plaintiff produce copies of the full and

complete diary entries for both plaintiff's "personal diary" and "personal injuries diary" or whatever name plaintiff uses to refer to the chronical of events that she keeps for her personal life for any purpose, for all times commencing two years prior to the accident date set forth in plaintiff's complaint and for all times up to and including the present time. Plaintiff again refused to produce her personal diary. As a result, defendant filed a motion for sanction order pursuant to Pa.R.C.P. 4019, which is now before us for decision.

Pa.R.C.P. 4003.1 provides in pertinent part:

"[A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Pa.R.C.P. 4011 provides in pertinent part that "[no] discovery . . . shall be permitted which . . . (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to . . . any person or party; (c) relates to matter which is privileged." The gist of defendant's argument regarding his need to obtain plaintiff's personal diary is that, given plaintiff's claim that she has been unable to follow her usual recreational, social and family activities since the accident, a review of her diary might very well provide some leads into what type of activities, recreational, family, social or otherwise, were engaged in by plaintiff prior to her accident so

that a comparison can be made as to whether or not the same activities have been affected by the accident giving rise to this lawsuit. In other words, the information contained in plaintiff's personal diary may "lead to the discovery of admissible evidence." Defendant further claims that portions of the diary may be admissible at trial.

Plaintiff, on the other hand, claims that her personal diary "contains her most intimate thoughts, feelings and reflections, has been maintained under lock and key and has never been shared with any other person." Its discovery, she claims, would cause her unreasonable annoyance, embarrassment and oppression, and would constitute a violation of her constitutional right to privacy. In short, defendant's request "relates to matter which is privileged" and "is a fishing expedition into very private waters."

It is our opinion that an order compelling plaintiff to produce her personal diary[1] would violate her constitutionally protected right to privacy, especially where, as here, the information defendant seeks is discoverable by less drastic means, many of which he has already availed himself.[2] We think that a line must be drawn between what is reasonably discoverable as opposed to what is unlimited intrusion into

1. It has been written that a diary is: "A secret book. . . ." Anonymous. "A daily record of that part of one's life which he can relate to himself without blushing." Ambrose Bierce. "Penned-up emotions." Anonymous.

2. Thusfar, plaintiff has answered two sets of defendant's interrogatories, furnished defendant with her personal employment records and submitted to an examination by defendant's medical expert. In addition, defendant has deposed plaintiff, the custodian of records of plaintiff's physicians and plaintiff's no-fault insurer.

a person's private affairs. To permit an unlimited fishing expedition would be unreasonable.

The individual right to privacy is a fundamental constitutional right. In Re B, 482 Pa. 471, 394 A.2d 419 (1978). It "is a hallmark of a free society," and "[n]o system of justice in such a society can accept or tolerate unreasonable and unbounded intrusions, whether by government officials *or by private individuals,* upon that basic and fundamental right." Commonwealth v. Helms, 234 Pa. Super. 537, 549, 343 A.2d 362, 367-68 (1975). (Emphasis added.) Cases concerned with the constitutional protection of privacy have involved at least two different kinds of interests. One is the interest in independence in making certain kinds of important decisions; another is the individual interest in avoiding disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed. 2d 64 (1976); In Re June 1979 Allegheny County Investigating Grand Jury, 490 Pa. 143, 415 A.2d 73 (1980).

The privacy interest implicated here is that of plaintiff in avoiding disclosure of personal matters. This interest finds explicit protection in Article I, section 1, of the Pennsylvania Constitution, which provides that "[a]ll men . . . have certain inherent and indefeasible rights, among which are those . . . of acquiring, possessing and protecting property *and reputation. . . .*" (Emphasis added.)

In United States v. Bennett, 409 F.2d 888 (2d Cir. 1969), Judge Friendly stated:

"The reason why we shrink from allowing a personal diary to be the object of a search is that the entire diary must be read to discover whether there are incriminating entries; most of us would feel rather differently with respect to a "diary" whose cover page bore the title "Robberies I Have Performed."

Although Bennett involved the constitutionality of a search for evidence in a criminal context, we think Judge Friendly's rationale is equally applicable here. Similarly, we might feel differently with respect to a diary, the cover page of which bore the title "How the Injuries Sustained in the Accident Have Affected My Ability to Enjoy Life," but in order for defendant to discover whether plaintiff's personal diary contains relevant and/or admissible entries, it would be necessary to permit him to read the entire diary. We simply cannot allow defendant to rummage through the attic of plaintiff's mind in such a manner. We think to do so would pose such a serious threat to plaintiff's right not to have personal matters revealed that it would be impermissible under both the United States and Pennsylvania Constitutions.

Accordingly, we enter the following

## ORDER

November 12, 1985, for the reasons stated in the foregoing opinion, defendant's motion for sanction is denied.